UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN FIDELITY INSURANCE COMPANY | * * * | CIVIL ACTION NO. |
| VERSUS | * * | SECTION: |
| MARIO ZUNIGA AND OLGA ZUNIGA | * * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Southern Fidelity Insurance Company (hereinafter sometimes referred to as "SFIC"), who respectfully represents as follows:

1.

SFIC is an insurer who is domiciled in and has its principal place of business in Tallahassee, Florida, who is doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

2.

SFIC subscribed to a certain policy of insurance bearing No. LSH 0005449 00 17 issued to defendants, Mario Zuniga and Olga Zuniga (hereinafter sometimes referred to collectively as the "Zunigas"). This policy of insurance was delivered to the Zunigas in Terrytown, Louisiana, and within the jurisdiction of this Honorable Court.

1

3.

Defendants, the Zunigas, are individuals domiciled and residing in New Orleans, Orleans Parish, Louisiana. The Zunigas reside within the Eastern District of Louisiana and they have contacts sufficient to subject them to personal jurisdiction for the Eastern District of Louisiana. Thus, venue for this suit is proper in the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1391.

4.

SFIC is a citizen of a foreign state, Florida. Defendants, the Zunigas, are citizens of the State of Louisiana. The amount in controversy exceeds, exclusive of interests and costs, $75,000.00. This Honorable Court, therefore, is vested with diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.

SFIC brings this action for declaratory judgment against the Zunigas pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57.

6.

SFIC issued a policy of homeowners insurance to Mario Zuniga and Olga Zuniga under Policy No. LSH 0005449 00 17 (hereinafter sometimes referred to as the "Policy").

7.

The Policy provided the Zunigas with coverage against certain risks relating to the premises owned by the Zunigas and designated as 1948 Carol Sue Avenue, Terrytown, Louisiana 70056. The Policy provides a Coverage A dwelling limit in the amount of $142,900.00, a Coverage B limit for other structures of $14,290,00, a Coverage C limit for personal property of $71,450.00, and a Coverage D limit for loss of use of $42,870.00.

8.

On or about December 26, 2009, a fire allegedly occurred at the premises located at 1948 Carol Sue Avenue, Terrytown, Louisiana.

9.

As a result of this fire, the Zunigas filed a claim with SFIC requesting payment for damages to the dwelling, other structures, personal property and loss of use in excess of $75,000.00.

10.

On their application for insurance for the Policy, the Zunigas signed an application dated June 9, 2006 certifying that 1948 Carol Sue Avenue, Terrytown, Louisiana was their residence premises address and that their previous address was 3417 Vespasian Boulevard, New Orleans, Louisiana.

11.

In line with the application, the SFIC Policy was designed and intended to provide coverage for the 1948 Carol Sue Avenue house while the Zunigas were using that house as their residence premises.

12.

However, when the fire took place on December 26, 2009, both Mario Zuniga and Olga Zuniga had moved out of the house at 1948 Carol Sue Avenue and never intended to live there again.

13.

In fact, Mario Zuniga and Olga Zuniga had moved out of the house at 1948 Carol Sue Avenue in the year 2006 and moved back to the property located at 3417 Vespasian Boulevard, New Orleans, Louisiana where they were living on December 26, 2009.

14.

When Mario Zuniga and Olga Zuniga moved out of the 1948 Carol Sue Avenue house, there was a material increase in risk and a different type of insurance policy was needed.

15.

However, neither Mario Zuniga nor Olga Zuniga informed SFIC at any time for the December 26, 2009 fire that they had changed their residence premises.

16.

There is no coverage for the Zunigas' claims under the Policy for Coverage A dwelling, Coverage B other structures, Coverage C personal property, and Coverage D loss of use because the 1948 Carol Sue Avenue home was not the residence premises of the Zunigas as defined by the Policy.

17.

There is no coverage for the Zunigas' claims under the Policy for Coverage C personal property because the personal property destroyed in the fire was not part of the residence premises occupied by Mario Zuniga and Olga Zuniga and because Mario Zuniga and Olga Zuniga did not occupy the 1948 Carol Sue Avenue home as their residence premises as defined by the Policy.

18.

There is no coverage for the Zunigas' claims under the Policy for Coverage D loss of use because the fire did not make the residence premises where Mario Zuniga and Olga Zuniga resided not fit to live in and because Mario Zuniga and Olga Zuniga did not reside at the 1948 Carol Sue Avenue home as their residence premises.

19.

The Policy also unambiguously excludes coverage for the claims asserted by Mario Zuniga and Olga Zuniga pursuant to the "Concealment Or Fraud" exclusion in the Policy and because the Zunigas intentionally concealed or misrepresented the material fact and circumstance that they had not lived at the 1948 Carol Sue Avenue address for over two years before the loss at issue.

20.

Because there is no coverage for the Zunigas' claims and because the Zunigas' claims against SFIC are unambiguously excluded under the Policy, SFIC has no duty to indemnify the Zunigas for their claims.

21.

SFIC seeks a declaratory judgment that the Policy does not require it to indemnify the Zunigas for the damages incurred through the above mentioned fire in light of the aforementioned terms, conditions, exclusions and limitations of the Policy, which is a valid, binding and enforceable contract entered into by the Zunigas and SFIC.

22.

SFIC further seeks a declaratory judgment as the Policy does not provide coverage for any of the claims presented by the Zunigas and that SFIC is not obligated to indemnify the

Zunigas. In the alternative, and solely in the event that this Honorable Court denies SFIC's specific prayer for declaratory judgment, enforcing the binding contracts of insurance and declares that SFIC does not owe indemnity to the Zunigas, and that the Policy provides no coverage for any claims asserted by the Zunigas to SFIC, SFIC seeks a declaratory judgment that otherwise determines the rights and liabilities of the parties under the Policy.

23.

SFIC further pleads the terms, conditions, provisions and limitations contained in the Policy as if copied herein *in extenso*.

**WHEREFORE,** Southern Fidelity Insurance Company prays that Mario Zuniga and Olga Zuniga be cited to appear and answer the complaint herein within the delays fixed by law and that after due proceedings are had, that there be judgment herein in favor of Southern Fidelity Insurance Company declaring that:

(1) Southern Fidelity Insurance Company has no obligation to reimburse the Zunigas for any attorney's fees, expert fees, court costs or losses incurred by Mario Zuniga and Olga Zuniga pertaining to the fire that occurred on or about December 26, 2009, in which Mario Zuniga and Olga Zuniga suffered property loss;

(2) The fire that occurred on or about December 26, 2009 and any resulting damages, or any claims asserted by or on behalf of Mario Zuniga and Olga Zuniga are not covered by the Policy;

(3) Neither Mario Zuniga, Olga Zuniga or any other plaintiff, party or person has a right or cause of action to proceed against Southern Fidelity Insurance Company for damages resulting from the alleged fire loss sustained by Mario Zuniga and Olga Zuniga on or about December 26, 2009; and

(4)     For all other general and equitable relief as is reasonable in the premises.

                              Respectfully submitted,

                               /s/ Matthew D. Monson
                            **MATTHEW D. MONSON (#25186)**
                            **KRISTI U. LOUQUE (#31845)**
                            **PAJARES & SCHEXNAYDRE**
                            68031 Capital Trace Row
                            Mandeville, Louisiana 70471
                            Telephone: (985) 292-2000
                            Facsimile: (985) 292-2001
                            ***Counsel of Southern Fidelity Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 25th day of January, 2010.

                               /s/ Matthew D. Monson